IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARCY ROY FRISBY,

                Plaintiff,

      v.

THOMAS J. HAHN, et al.,

                Defendants.

Case No. 3:19-cv-00775-JR

ORDER

HERNÁNDEZ, Chief Judge.

Plaintiff, an inmate at the Deer Ridge Correctional Institution, brings this civil rights action *pro se*. On January 17, 2020, this court issued an Order dismissing plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Due to plaintiff's *pro se* status, the court advised plaintiff of the deficiencies of his Complaint and granted plaintiff leave to file an Amended Complaint curing those deficiencies. Currently before the court is plaintiff's Amended Complaint (ECF No. 16).

Plaintiff's Amended Complaint fails to cure the deficiencies noted in the Order dismissing his original Complaint. Specifically, plaintiff fails to allege facts establishing that his claims

1 - ORDER

pertaining to the alleged illegal search and seizure of his property are not barred under <u>Heck v.</u> <u>Humphrey</u>, 512 U.S. 477 (1994).  As to his claims pertaining to the alleged destruction of his personal property, plaintiff does not allege facts sufficient to establish that the destruction was authorized pursuant to established state procedures, regulations, or statutes, and because a state post-deprivation remedy is available, plaintiff does not allege a claim upon which relief may be granted under 42 U.S.C. § 1983.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  Finally, to the extent plaintiff's Amended Complaint alleges a claim under the Oregon Tort Claims Act, because the court finds that plaintiff fails to state any cognizable federal claims, the court will not exercise supplemental jurisdiction over plaintiff's putative state law claim.[1]

## **CONCLUSION**

For these reasons, the court DISMISSES plaintiff's Amended Complaint, without prejudice.

IT IS SO ORDERED.

DATED this 24 day of April, 2020.

Marco A. Hernández
Chief United States District Judge

---

[1] Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  <u>See</u> 28 U.S.C. § 1367.

2 - ORDER